```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                   STATESVILLE DIVISION
                     5:04CV193-MU-02
                  (Appellate No. 10-6077)
```

LAMONT CLAXTON UNDERWOOD,       )
    Petitioner,              )
                             )
    v.                       )
                             )      **O R D E R**
SIDNEY D. HARKLEROAD,           )
  Administrator of Marion       )
  Correctional Institution,     )
    Respondent.              )
_____ )

**THIS MATTER** comes before the Court on Respondent's Motion for Stay of Execution of Judgment Pending Appeal," filed January 7, 2010 (document # 30); and on Petitioner's Response, filed January 14, 2010 (document # 35).

On November 30, 2004, Petitioner filed a Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus alleging, among other matters, that he was subjected to ineffective assistance of counsel by virtue of his defense attorneys' unfulfilled promises to present to the jury evidence of a confession by a third party and other eye witness evidence, all of which exculpated Petitioner (document # 1). On December 23, 2009, the Court entered an Order granting relief on that claim (document # 27). Such Order further directed that Petitioner's case be remanded to the North Carolina Court for a new trial or his release from custody within 180 days.

On January 7, 2010, Respondent gave his notice of appeal

(document # 29).  Also on that date, Respondent filed the instant Motion for Stay pursuant to Federal Rule of Appellate Procedure 8 and Federal Rule of Civil Procedure 62.  Rules 8 and 62 provide, respectively, that a party requesting a stay of a district court order must first seek that relief in the district court, and that this court has the discretion to stay execution of its judgment pending appeal.

As the parties acknowledge, the factors governing issuance of a stay are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."  Hilton v. Braunskill, 481 U.S. 770, 776 (1987).  Inasmuch as these factors contemplate individualized judgments in each case, this formula is not rigid.  Id. at 777. Thus, in a case such as this one, in the absence of "making a strong showing that he is likely to succeed on the merits," an applicant may be entitled to a stay where factors two and four are met.  Id. at 777-78.  Additionally, the possibility of flight, the risk that Petitioner will pose a danger to the public if released, and the State's interest in continuing custody and rehabilitation pending resolution of the appeal in light of the length of the sentence all are factors for further consideration

by the Court.  Id. at 778-79.

Applying the foregoing factors, the Court makes the following findings.  Based upon the reasoning set forth in the Court's Order granting Petitioner relief, Respondent has failed to make a strong showing that he is likely to succeed on the merits.  Indeed, as Petitioner's Response accurately notes, the facts in the cases upon which Respondent relies are distinguishable from the facts in this case.  Furthermore, Respondent's Motion for Stay does not address this Court's determination that even if trial counsel properly changed their strategy to exclude the subject evidence, as occurred in Turner, the attorneys' still failed properly to address that change with the jury, causing Petitioner irreparable harm.

On the other hand, the Court finds that other factors support the issuance of a stay.  Concerning the second factor, the Court finds that the State could suffer irreparable harm should it be required to expend its limited resources both to retry Petitioner while simultaneously prosecuting its appeal. Should Respondent win on appeal, the resources expended for a retrial would have been wasted.

Concerning the fourth factor, it is clear that there is a strong public interest in leaving the conviction and sentence of a convicted murderer undisturbed until resolution of his appeal. Accordingly, the Court finds that Respondent's Motion for Stay

3

should be <u>granted</u>.

Finally, the Court shall, out of an abundance of caution, issue a certificate of appealability on the chance that reasonable jurists may find the Court's assessment of the subject issue debatable. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003)(in order to satisfy § 2253(c), there must be a showing that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (<u>citing</u> <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000)).

### IV. <u>ORDER</u>

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Respondent's Motion for Stay is **GRANTED** and execution of the Court's Order of December 23, 2009 shall be **STAYED** in its entirety pending resolution of Respondent's appeal;

2. A certificate of appealability is **GRANTED;** and

3. The Clerk shall send copies of this Order to counsel for the parties and to the Clerk of the Fourth Circuit Court of Appeals.

**SO ORDERED.**

Signed: January 19, 2010

Graham C. Mullen
United States District Judge